IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

IN RE: CASE NO.: 12-01197-JCO

CLEVELAND SHEARLS II
LANNIE SHEARLS,

DEBTOR(S)

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Tuesday, February 16, 2016, for hearing on the Debtors' Motion to Reopen Chapter 7 Case and Waive Filing Fee (the "Motion") filed by Debtors Cleveland Shearls II and Lannie Shearls. (Doc. 22). Appearances were noted on the record. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the general order of reference of the District Court. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A). The Court has considered the Motion and has taken judicial notice of the contents of the court file pursuant to Federal Rule of Evidence 201 and finds and concludes as follows.

The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 4, 2012. On April 5, 2012, the Clerk's Office issued a notice pursuant to Rule 2002(e) of the Federal Rules of Bankruptcy Procedure indicating that there appeared to be no assets available from which distributions could be made, and directing creditors not to file a proof of claim unless they received a notice from the Court to do so. No notice to file claims was ever issued. The Chapter 7 Trustee filed his Final Report of No Distribution on June 6, 2012. An order discharging the Debtors from all dischargeable debts was entered on August 1, 2012, and the case was closed the same day. (Docs. 17, 18).

In the Motion before this Court, the Debtors request that this case be reopened so that they may amend their schedules to add a debt that they represent preexisted the filing of this case.  Pursuant to 11 U.S.C. § 350(b), a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause."  The only stated reason for wanting to reopen the case was to amend the schedules to add said omitted debt.  Presumably, the Debtors are concerned that the debt was not discharged because of their failure to properly list the debt.  The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. § 727.  That section provides that "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief . . . ."  11 U.S.C. § 727(b).  Nothing in § 727 prevents an unscheduled debt from being discharged.

This case is what is commonly referred to as a "No-Asset Chapter 7," i.e., there are no assets to administer and creditors are not even required to file claims.  Most courts have held that in a no-asset case, a dischargeable debt is discharged even when a creditor has been omitted from schedules, and thus reopening the case is both unnecessary and futile.  *In re Nielsen*, 383 F.3d 922, 925; *In re Madaj*, 149 F.3d 467, 468, 470, 472; *Judd v. Wolfe*, 78 F.3d 110, 114; *see In re Beezley*, 994 F.2d 1433, 1436.  The reasoning is that no claim can be untimely in a no-asset case because, pursuant to Federal Rule of Bankruptcy Procedure 2002(e), no deadline is ever set for creditors to file claims. Therefore, 11 U.S.C. § 523(a)(3)(A), which makes some otherwise dischargeable debts non-dischargeable if the debtor neglects to schedule them in time for the creditor to timely file a proof of claim, does not apply.  *In re Nielsen*, 383 F.3d at 925 (adopting the holding and reasoning of *In re Beezley*, 994 F.2d at 1436); *In re Madaj*, 149 F.3d at 472; *Judd*, 78 F.3d at 114.  This Court agrees.

The Debtors aver the following: that the unscheduled creditor, Virgina Phillips Mabry, is the holder of a promissory note that preexisted this bankruptcy; that Ms. Mabry has prosecuted the note to judgment in the County Court of Jackson County, Mississippi; and that Ms. Mabry has filed to enroll the Mississippi judgment in the Circuit Court of Mobile County, Alabama. As previously stated, the debt being pursued by Ms. Mabry has been discharged. The Discharge Order entered on August 1, 2012 includes the following language:

> **Collection of Discharged Debts Prohibited**
>
> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. … A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

(Doc. 17). This Court is concerned by the actions of the unscheduled creditor, but makes no finding related thereto. The creditor may have had no knowledge of the bankruptcy. While knowledge of the bankruptcy has no bearing on the discharge of the debt, it does have bearing on the creditor's ability to have her debt deemed non-dischargeable. See, 11 U.S.C. § 523(c) and FRBP 4007(b).

Consequently, the Court concludes that cause does not exist for the case to be reopened. Any debts which were incurred prior to the filing of this case on April 4, 2012 were discharged by the Court's Order of Discharge entered August 1, 2012, a copy of which is attached. Furthermore, because the case is not being reopened, the fee for reopening a case should be waived. Thus, the Motion is due to be granted in part and denied in part. Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Motion is **DENIED** to the extent that the Debtor seeks to reopen this Bankruptcy Case. It is further

3

**ORDERED, ADJUDGED, AND DECREED** that the Motion is **GRANTED** to the extent the Debtor seeks a waiver of the reopening fee, and the fee is **WAIVED**.

**IT IS FURTHER ORDERED** that the attorney for the Debtor shall serve a copy of this **ORDER** on Virgina Phillips Mabry and her attorney within 3 days of receiving same.

Dated: February 19, 2016

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE